## NEW YORK CIRCUIT.
### DECEMBER, 1846.
### Before EDMONDS, Circuit Judge.

ARMSTRONG v. TUFTS, VAN ALSTYNE AND ROBERTS.

When goods in the hands of an agent are fraudulently obtained from him under pretense of a purchase, and he is induced, after knowledge of the fraud, to take notes for the amount, the owner may rescind the contract and sue for the tort.

In such case the owner is not bound to return the notes before suit; he may retain them as evidence of the value of the goods, and an offer to cancel them at the trial is sufficient.

THIS was a special action on the case tried at the December Circuit, 1846.

The plaintiffs were merchants, in Rome, Oneida county, and had sent a load of oats to New York, on board a canal boat, which the master of the boat was authorized to sell for cash, at the market price. The defendant, Tufts, professing to act as a produce broker, purchased the load for the defendant, Van Alstyne, representing him to be responsible, and they were accordingly delivered to the defendant, Roberts, who professed to act as Van Alstyne's clerk, and who sold them again, in parcels, as fast as they were delivered. After the delivery, the master called for payment in vain, and found that the defendants, Van Alstyne and Roberts, were insolvent, and had, as soon as they received the avails of the oats, gone to a gambling house and lost the whole of it at two sittings. Van Alstyne declared himself able to pay for the oats in thirty and sixty days, and insisted upon the master's taking his notes, which he did. As soon as the plaintiffs were made acquainted with the transaction, they rescinded the contract of sale, and instituted this suit, charging a conspiracy to defraud upon all the defendants.

At the close of the plaintiffs' evidence they produced the notes which had been given to the master, proved that they

had never negotiated, nor in any manner used them, and offered at the trial to cancel them.

*A. L. Jordan,* for defendants, moved for a nonsuit, on the ground that the plaintiffs had not duly rescinded the contract of sale, because they had not restored the defendants to their former condition, but, on the contrary, had kept the notes in their possession until after this suit was brought. He insisted that the plaintiffs, in order to maintain this action, ought to have returned the notes immediately on rescinding the contract of sale, and that it was not enough for them to offer now, on the trial, to cancel them. He cited *Masson* v. *Bovet* (1 Denio, 69).

*H. P. Hastings, contra,* insisted that the plaintiffs had sufficiently signified their election to waive the contract, and go for the tort, by bringing their action, and that their keeping the notes, as evidence of the value of the goods sold, was no evidence that the plaintiffs had elected to stand by the contract. He cited 22 Pick. 18.

*The Circuit Judge:* Whether the plaintiffs' retaining the notes after they discovered the fraud, was an election to abide by the contract, and a waiver of their right to rescind, must depend upon circumstances. If they had negotiated them or attempted to enforce the payment of them, it might well be questioned whether they had not concluded themselves and waived the tort. But the mere fact of retaining possession of the notes, unaccompanied by any other act showing an election, and especially when attended by other circumstances, clearly showing that the plaintiffs intended to waive the contract, would not conclude the plaintiffs against bringing their action in the case. It was very common, where a party sought to recover on the original cause of action, to produce on the trial the notes given, and cancel them there, and that had always been held sufficient. It would be giving the perpetrator of a fraud an undue advantage, if he had in all cases,

the power of involving his victim in the difficulty, and some-times the impracticability of finding him and tendering him back his void and worthless securities. It would be enough to produce and cancel them on the trial, if in other regards the plaintiff had already signified his election to waive the contract and go for the tort.

Motion denied. Verdict for plaintiffs, $750.

[This case was affirmed in the Supreme Court. 6 Barb. R. 432.]